IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD FUNDERMANN,<br><br>                Petitioner,<br><br>vs.<br><br>DEPARTMENT OF JUSTICE-FEDERAL BUREAU OF PRISONS,<br><br>                Respondent. | **8:22CV374**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on initial review of Petitioner Todd Fundermann's ("Fundermann" or "Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Fundermann filed his petition on November 1, 2022 and named the Department of Justice-Federal Bureau of Prisons ("BOP") as the respondent. Filing No. 1. Fundermann is presently on home confinement in Cherokee, Iowa, under the supervision of Dismas Charities in Sioux City, Iowa. *Id.* at 1, 9. Fundermann is serving a sentence imposed by the undersigned on May 17, 2021, in case number 8:19CR165. *Id.* at 1. In Case No. 8:19CR165, Fundermann pleaded guilty to counts I and II of the Indictment and was sentenced to two concurrent terms of 42 months' imprisonment and 3 years of supervised release. Filing No. 72, Case No. 8:19CR165. In his petition, Fundermann challenges the

"[i]naccurate miscalculation and application of First Step Act of 2018 (FSA) Credits," Filing No. 1 at 2 (spelling and punctuation corrected), and asserts he is entitled to additional FSA credits for the time period between January 20, 2022, when his FSA credits were first calculated, and February 16, 2022, when he was released on home confinement, Id. at 6. Additionally, Fundermann alleges he "should have earned at least an additional 115 days of FSA Credits as of 10/28/22" as an eligible prisoner on home confinement. Id. Fundermann asks the Court to release him immediately from home confinement to begin his period of supervised release[1] based on the "lack of appropriate application of FSA Credits" to his sentence. Id. at 7.

A federal prisoner challenging the legality of his sentence must raise his claims in a 28 U.S.C. § 2255 motion, while a federal prisoner attacking the execution of a sentence should raise his claims in a 28 U.S.C. § 2241 petition. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *see United States v. Hutchings*, 835 F.2d 185, 186–87 (8th Cir. 1987) (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241).

> Section 2255 motions must be brought before "the court which imposed the sentence," whereas a § 2241 habeas petitioner [who] seeks to challenge his present physical custody within the United States . . . should name his warden as respondent and file the petition in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *but see id.* at 451, *Rumsfeld v. Padilla*, (stating "[T]he question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue[.]") (Kennedy, J. concurring). A federal prisoner may bring a habeas claim under § 2241 to challenge the execution of his sentence in the district where he is incarcerated. *Metheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002) (§ 2241 habeas petition is the proper vehicle for a prisoner's request for good time credits to reduce length of imprisonment and must be brought in the district of incarceration).

---

[1] Fundermann is presently set to begin supervised release on January 8, 2023. Filing No. 1 at 6, 9, 11.

2

*United States v. Laurita*, No. 8:13CR107, 2019 WL 2603101, at *1, n.1 (D. Neb. June 25, 2019).

Here, Fundermann's claims challenging the calculation of his FSA credits are properly presented in a § 2241 habeas petition. However, Fundermann is not confined within the District of Nebraska, and there does not appear to be a custodian present in this district over whom this Court would have jurisdiction. Though this Court imposed his sentence, Fundermann should have filed his 28 U.S.C. § 2241 habeas petition "in either the district where he is confined,[2] in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office,[3] as the BOP can be considered [Fundermann's] 'custodian' for the purpose of calculating his [sentence] credit." *United States v. Chappel*, 208 F.3d 1069, 1069–70 (8th Cir. 2000) (footnote omitted).

Even if the petition is properly filed in this Court, the Court finds that the petition should be dismissed due to Fundermann's failure to exhaust his administrative remedies prior to filing his habeas petition. *See United States v. Wilson*, 503 U.S. 329, 331–35 (1992) (acting through BOP, Attorney General—not sentencing court—is responsible for awarding credit for time served on federal sentence); *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10–542.16, and after properly exhausting

---

[2] Fundermann is on home confinement in Iowa and supervised by Dismas Charities in Sioux City, Iowa, which is in the jurisdiction of the United States District Court for the Northern District of Iowa. *See* 28 U.S.C. § 95. The Court notes that, according to BOP records, Fundermann is also located within the Minneapolis, Minnesota Residential Reentry Management ("RRM") field office. *See* https://www.bop.gov/inmateloc/ (last visited Nov. 23, 2022).

[3] The BOP does not maintain a regional office in the District of Nebraska.

3

these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). "A district court . . . may sua sponte summarily dismiss a petition on exhaustion grounds when a petitioner's failure to exhaust is apparent on the face of the pleading itself." *Tennille v. Fed. Bureau of Prisons*, No. 22-CV-10171, 2022 WL 2918130, at *2 (E.D. Mich. July 25, 2022) (citing cases); *see also Laurita*, No. 8:13CR107, 2019 WL 2603101, at *1 & 2 n.2 (D. Neb. June 25, 2019) (summarily dismissing petitioner's challenge to calculation of FSA good time credit under § 2255 as premature and for failure to exhaust administrative remedies). Fundermann responded "No" to the question, "Did you appeal the decision, file a grievance, or seek an administrative remedy," on his Form AO 242 habeas petition. Filing No. 1 at 2. At most, the record demonstrates that Fundermann has tried to resolve his claim informally by contacting "the RRM, BOP-Grand Prairie, TX [and] the BOP in Washington, D.C. to request a review of [his] FSA credits" without success. Filing No. 1 at 9. Because Fundermann has not pursued available formal administrative remedies with the BOP, his habeas petition is premature.

Because the Court lacks jurisdiction over Fundermann's habeas petition and because he has failed to exhaust his administrative remedies, the Court will dismiss the petition without prejudice.

IT IS THEREFORE ORDERED that:

1. The habeas petition is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 29th day of November, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge